UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FRANCO CRUZ TORRES, <br><br> Defendant. <br> _____/ | No. C-13-5644 EMC <br><br> **ORDER DISCHARGING ORDER TO SHOW CAUSE; DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION; AND DISMISSING CASE** <br><br> **(Docket No. 20)** |

Previously, this Court denied Plaintiff J&J Sports Production, Inc.'s motion for default judgment. The Court also ordered J&J to show cause as to why the instant case should not be dismissed with prejudice given its ruling on the default judgment motion. J&J has now filed a response to the order to show cause. In its response, J&J asks the Court to reconsider its ruling on the default judgment motion. In the alternative, J&J asks the Court to give it the opportunity to "conduct additional investigation, including third-party discovery, to support its allegations." Resp. at 6.

Based on J&J's response, the Court hereby **DISCHARGES** the order to show cause. However, the Court also **DENIES** the motion for reconsideration. J&J has not met the standard to justify a motion for reconsideration, as provided for in Civil Local Rule 7-9.

Furthermore, on the merits, J&J's position fails. For example, J&J contends that this Court is bound by the allegations in J&J's complaint but Federal Rule of Civil Procedure 55 expressly provides that a court may make an inquiry into "the truth of any allegation by evidence." Fed. R. Civ. P. 55(b)(2)(C).

J&J also argues that whether Defendant Franco Cruz Torres sought to enhance his profits is an issue that goes to damages and not liability. Typically, this is true. But in the circumstances presented here, whether Mr. Torres was taking action to enhance his profits is also probative of liability. In other words, if there were evidence that Mr. Torres was taking steps to profit from the display of the sports program, then that would make it more likely that the sports program was being displayed at his behest.

Finally, J&J asserts that simply because the program was being shown at the establishment, that is sufficient to establish liability. That position is not supported by any authority. The case cited by J&J is easily distinguishable from the facts in this case. In the instant case, the sports program was being displayed on a laptop, with no indication that the laptop belonged to or was otherwise affiliated with Mr Torres or the establishment. In *Joe Hand Promotions, Inc. v. Jorgenson*, No. 12-C-0159, 2013 U.S. Dist. LEXIS 1467 (E.D. Wis. Jan. 4, 2013), the program was shown on three wall-mounted televisions inside the establishment and was advertised on a "large sign outside the [establishment] announcing the event's broadcast." *Id.* at *9.

The only question remaining is whether the alternative relief sought by J&J – *i.e.*, an opportunity to conduct additional investigation, including third-party discovery – should be granted. The Court denies the request for alternative relief. J&J has failed to provide any specifics as to the investigation or third-party discovery that it would like to conduct. It has simply asked in conclusory terms for permission to continue this case. The Court is not inclined to give J&J a further opportunity to provide specifics because (1) it should have conducted an investigation prior to bringing suit given the obvious deficiencies in the case[1] and (2) it had an opportunity to provide specifics on the additional investigation and/or third-party discovery in its response to the order to show cause but did not. J&J should not be given a third "bite at the apple."

///
///
///

---

[1] J&J's failure to investigate further prior to bringing suit is questionable given its obligations under Federal Rule of Civil Procedure 11.

For the foregoing reasons, the Court discharges the order to show cause, denies J&J's motion for reconsideration, and dismisses this case with prejudice.

The Clerk of the Court is instructed to enter judgment in accordance with this opinion and close the file in this case.

IT IS SO ORDERED.

Dated: June 20, 2014

_____
EDWARD M. CHEN
United States District Judge